## Commonwealth v. Rocform Corporation

*Edward T. Baker*, for Commonwealth.

*Reed, Smith, Shaw & McClay*, for appellant.

HERMAN, J., January 10, 1966.—In this case, we are concerned with the Selective Sales and Use Tax Act of March 6, 1956, P.L. (1955) 1228, as amended, 72 PS §3403-1 et seq. (herein variously called "sales act", or the "act"), and its application to a "non-exclusive license" and right to use the "Rocform System", which appellant grants to its customers who purchase from it certain hardware and accessories used in the

construction and erection of concrete walls and structures.

The parties have stipulated in writing, pursuant to the Act of April 22, 1874, P. L. 109, 12 PS §688, that this case might be tried without a jury, and they have likewise stipulated all of the facts. We adopt as our finding of facts the facts so stipulated by the parties and will refer to such facts as we deem necessary to an understanding of this opinion.

For the period March 7, 1956, through September 30, 1960, a sales tax was assessed against appellant in the amount of $2,342.72, of which appellant concedes $1,869.48 to be correct, leaving $473.24 the amount in controversy. An appeal was duly taken to this court in accordance with the provisions of section 544 of the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 PS §3403-544.

Rocform Corporation is a Michigan company registered to do business in Pennsylvania. It is engaged in the manufacture of concrete forming equipment primarily for use in constructing basement foundations. This forming equipment, for some of which Rocform holds patents, consists of wooden panels held together with metal clamps, tie rods, walers, etc. These articles, designated generally as "prefabricated composite wall forms and patented hardware and accessories" and known in the building trade as the "Rocform System", are sold by appellant to building contractors, many of whom are in Pennsylvania.

Prior to the initial sale of such articles, the customer and Rocform enter an agreement under which the customer agrees, inter alia, to pay a "License Fee" for each use he makes of the articles purchased, Rocform having granted him a "non-exclusive license and right to use" what it calls its " 'Rocform System' a system of prefabricated composite wall forms and patented hardware and accessories".

The Commonwealth contends that this license fee is really a part of the purchase price paid for the composite wall forms and patented hardware and accessories, and that this contention is supported by the fact that a license such as here granted is definitely included in the definition of "Sale at Retail" and "Purchase at Retail" and, for these reasons, the Commonwealth avers the license fee is taxable under the terms of the sales act. Appellant, on the other hand, contends that this license fee is a royalty based on the number of times the Rocform System is used and has no relationship to the value or worth of the particular property used. Appellant then concludes that these fees are entirely beyond the concept of the Sales Tax Act.

We must conclude that the position of the Commonwealth is sound and the license fees taxable. See Commonwealth v. Hanover Shoe Farms, Inc., 27 D. & C. 2d 366, 77 Dauph. 296 (1961), affirmed, 408 Pa. 234 (1962).

Although the act was variously amended on many occasions during the tax period here involved, there was no substantial change in the sections which concern the problem here in issue.

The Act of May 24, 1956, P. L. 1707 (1955)[1], at section 201, 72 PS §3403-201, imposes the tax as follows:

"Section 201. Imposition of Tax.—(a) There is hereby imposed upon each separate *sale at retail* of *tangible personal property* within this Commonwealth a tax of three per cent of the *purchase price*, which tax

[1] Act of April 15, 1959, P. L. 20, amended this section to read:

"Section 201. Imposition of Tax.—(a) There is hereby imposed upon each separate sale at retail as defined herein within this Commonwealth a tax of three and one-half per cent of the purchase price, which tax shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided".

The Act of August 20, 1959, P. L. 729, merely increased the tax from three and one-half to four percent.

shall be collected by the vendor from the purchaser, and shall be paid over to the Commonwealth as herein provided".[2]

"Sale at Retail", "Tangible Personal Property" and "Purchase Price" are all defined in the act.

"Tangible Personal Property" was defined by section 2(1)(3) to include:

"All materials, supplies, and equipment used in the construction, reconstruction, remodeling, repair and maintenance of any real estate. . . .": May 24, 1956, P. L. (1955) 1707.

And "Sale at Retail", 2(j) was defined to include:

"Any transfer, for a consideration, of the ownership, custody or possession of tangible personal property, including the (transfer) *grant* of a license to use or consume (when such transfer is made for the purpose of consumption or use) whether such transfer be absolute or conditional and by whatsoever means the same shall have been effected. . . ." May 24, 1956, P. L. (1955) 1707.[3]

And "Purchase Price", 2(f) was defined, as far as material here, as:

"(1) the total value of anything paid or delivered, or promised to be paid or delivered, whether it be money or otherwise, in complete performance of a sale, lease or purchase at retail of tangible personal property. . . ."[4]

---

[2] Italics supplied throughout.

[3] The word "transfer" (in parentheses) was deleted by the Act of April 15, 1959, P. L. 20, and the word "grant" (underlined) was added. The other phrase in parentheses was deleted by the Act of April 5, 1957, P. L. 34.

[4] By Act of August 20, 1959, P. L. 729, this section was amended to read, as far as material here:

"(1) The total value of anything paid or delivered, or promised to be delivered, whether it be money or otherwise, in complete performance of a sale . . . at retail or purchase at retail . . ., as herein defined. . . ."

There followed in this definition the statement that there should be no deduction on account of a number of items, and then specifically permitted a deduction for returnable containers, costs of delivery and installation, if consideration therefor was stated separately. There was no deduction for the cost of a license to use.

It is important to note that "purchase at retail", mentioned in definition of "Purchase Price" quoted herein, is also defined in the act, in pertinent part, as follows:

"(e) 'Purchase at Retail.' The acquisition for a consideration of the ownership, custody or possession of tangible personal property when such acquisition is made for the purpose of consumption or use, whether such acquisition shall be absolute or conditional, and by whatsoever means the same shall have been effected. *The term 'purchase at retail' shall include the acquisition of a license to use or consume,* and the rental or lease of tangible personal property regardless of the period of time the lessee has possession or custody of the property, but shall not include any acquisition for the purpose of resale".

The agreement, "exhibit A" to the stipulation of facts, which provides generally for the license and license fee, imposes, in paragraph 2, the duty on appellant to sell the wall forms and hardware to the customer, and imposes the duty on the customer to pay the invoice price.

Paragraph 6 of the agreement provides that appellant will replace or repair certain of the hardware sold to its customers when damaged or worn out, provided the license fees have been paid. It can be readily seen that the agreement encompasses not only the license matters, but also the purchase and sale of the wall forms and hardware.

The record is silent as to whether the invoice price for the wall forms and hardware and the license fees

are separately kept and separately accounted for on the books of appellant, but even if we were to assume that they were separately treated, we conclude that the license fees would still be a part of the consideration paid on the transfer of tangible personal property.

It seems clear that the transaction between Rocform and its customers is one integrated transaction of a sale coupled with a license; that the consideration passing from the customer to Rocform for the wall forms and hardware and for the license to use them is the total purchase price and subject to the tax.

There can be no doubt that there was a taxable sale at retail of tangible personal property, as defined in the act; there can be no doubt but that a tax was due thereon. The tax was undoubtedly due on the purchase price, which is the total value of anything paid or delivered. We conclude that the license fee is part of the total value and thus part of the purchase price, and is not a royalty, as appellant contends. The burden is on the taxpayer[5] to show that no tax is here due, and it has failed to meet the burden.

The conclusions of law requested by appellant are refused, and we make the following

### CONCLUSIONS OF LAW

1. The license fees paid by Pennsylvania customers of appellant, in conjunction with the purchase of Rocform panels and hardware, for the nonexclusive license and right to use the "Rocform System" of prefabricated composite wall forms and patented hardware and accessories are part of the purchase price paid on sales at retail of tangible personal property.

2. Such sales are taxable under the Act of May 24, 1956, P. L. (1955) 1707, as amended.

---

[5] Section 545 of the Act of March 6, 1956, P. L. 1228, art. V, 72 PS §3403-545, provides that "In all cases of petitions for reassessment, review or appeal, the burden of proof shall be upon the petitioner or appellant, as the case may be".

3. The taxing bodies of the Commonwealth are correct in assessing a tax in the amount of $2,342.72 against Rocform Corporation for the Sales and Use Tax for the period March 7, 1956, through September 30, 1960.

4. The appeal of Rocform Corporation from the decision of the Board of Finance and Revenue should be dismissed, and judgment should be entered in favor of the Commonwealth.

### ORDER

And now, January 10, 1966, the appeal is dismissed, and judgment is directed to be entered in favor of the Commonwealth and against Rocform Corporation in the amount of $2,342.72, unless exceptions be filed hereto within 30 days. All of the tax except $473.24 having been paid, the judgment shall be marked satisfied upon payment of that amount plus interest, penalties and costs.

The prothonotary shall forthwith notify the parties hereto or their counsel of the filing of this opinion and order.